UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>S. GATES, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-01444-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>[ECF No. 1] |

Plaintiff Stanley H. Solvey is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed September 19, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Chief of Healthcare Appeals S. Gates, Chief Medical Officer Sherry Lopez, Chief Medical Officer S Davenport, K. Holidy, Chief Physician and Surgeon Marth Spaeth, Physician and Surgeon Andrew Zepp, Registered Nurse Kelly Blakenship, and correctional officer John Doe, as Defendants.

On April 27, 2016, Plaintiff suffered from a cyst on his left testicle.

On August 24, 2016, Plaintiff had first surgery to remove the cyst. However, the cyst returned eighteen months later. Dr. Andrew Zepp prescribed pain medications from January 4, 2019 to February 4, 2019. However, Dr. Zepp refused to provide further pain medications from February 5, 2019 to March 25, 2019, after Plaintiff had a second surgery.

On April 7, 2019, Plaintiff began to suffer pain in his left testicle.

On April 8, 2019, Dr. Ulit sent Plaintiff to Central Medical to receive an injection of Toradol for his cyst pain. Dr. Zepp was the doctor at the medical facility and overruled Dr. Ulit's order of pain medication. Plaintiff had filed a grievance against Dr. Zepp for other issues, and he retaliated by interfering with Dr. Ulit's orders. As a result, Plaintiff suffered pain from the cyst on his left testicle from February 5, 2019 until surgery on March 25, 2019, when Dr. Zepp could have prescribed pain medication.

Plaintiff suffers from Type II diabetes with peripheral neuropathy which causes pain in his feet (burning, stabbing, pins and needles nerve pain).

From early July 2018 to May 30, 2019, Dr. Ulit prescribed Lyrica for Plaintiff's peripheral neuropathy. Plaintiff repeatedly informed Dr. Zepp that Trileptal was not effective.

On April 26, 2018, a diabetic specialist recommended Gabapentin 600 mg twice a day. Dr. Zebb told Plaintiff that he was not convinced that Plaintiff suffered from neuropathy.

On June 7, 2018, Dr. Zepp took Plaintiff off his seizure medication to start Epculsa to treat Hepatitis C for ninety days.

On August 16, 2018, correctional officer John Doe arrived at the medical line to escort Plaintiff to Central Medical. Officer Doe instructed Plaintiff to stand up to he could place waist chain restraints on him. Plaintiff stood then sat back down in his wheelchair and informed the officer that he was about to have a seizure. Plaintiff has visual signs when he is going to have a seizure. However, the officer yelled for Plaintiff to "stand up." When Plaintiff stood up, he collapsed as he suffered a seizure and fell face first onto a blood pressure machine cutting his face in three places which required nine stitches. If Dr. Zepp had placed Plaintiff on an effective drug he would not have suffered the injury.

## III.

## DISCUSSION

**A.     Linkage Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092

(9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In addition, under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, although Plaintiff names Gates, Lopez, Davenport, Holidy, Spaeth and Blakenship as Defendants, Plaintiff fails to link any of these individuals to an affirmative act or omission giving rise to his alleged constitutional violations. Accordingly, Plaintiff fails to state a cognizable claim for relief against these individuals.

**B.     Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition

could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. In order to establish a claim of deliberate indifference based on a delay in treatment, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

1. Pain Medication

Plaintiff has failed to demonstrate that Dr. Zebb acted with deliberate indifference to his serious medical needs. Although Plaintiff contends that Dr. Zebb overruled an order for pain medication by Dr. Ulit in retaliation for filing an inmate grievance, the mere disagreement between medical officials does not give rise to a claim for deliberate indifference. Furthermore, Plaintiff's allegations demonstrate that Dr. Zebb prescribed Plaintiff pain medication from January 4, 2019 to

February 4, 2019. (Compl. at 5, ECF No. 1.) Accordingly, Plaintiff has failed to demonstrate a claim for deliberate indifference for the lack of pain medication.

2. Discontinuance of Trileptal

Plaintiff contends that Dr. Zebb terminated his prescription for Trileptal which treated his Type II diabetes in anticipation of Plaintiff taking Epclusa for Hepatitis C, and he failed to prescribe a comparable neuropathy drug to treat his diabetes. There are insufficient allegations to demonstrate that Dr. Zebb acted with deliberate indifference in terminating Plaintiff's prescription for Trileptal. Based on Plaintiff's allegations, Dr. Zebb's decision to termination Trileptal was because of a conflict with and in anticipation of Plaintiff taking Epclusa for Hepatitis C. There mere fact that Dr. Zebb did not provide a comparable prescription for a different medication, even if negligent, does not demonstrate deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference based on the termination of his prescription for Trileptal.

**C. Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

///

///

Further, Plaintiff fails to set forth sufficient facts to support a plausible claim of retaliation. Plaintiff fails to set forth when he filed the grievance, what the grievance was about, and/or how or if Dr. Zebb knew about the grievance. Plaintiff's claim that Dr. Zebb denied him pain medication in retaliation for filing appears to be pure speculation since there are no allegations showing that Dr. Zebb's decision was close in time to Plaintiff's protected conduct, that Dr. Zebb expressed any sort of opposition to Plaintiff's protected conduct, or that Dr. Zebb's failure to provide pain medication was pretextual. Accordingly, Plaintiff fails to a cognizable claim for retaliation.

**D.      Failure to Protect**

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had "a sufficiently culpable state of mind," acting with deliberate indifference. Farmer, 511 U.S. at 834. "[D]eliberate indifference entails something more than mere negligence … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Id. at 835. The prison official must "know and disregard an excessive risk to inmate health or safety." Id.

Plaintiff contends that Defendant officer John Doe failed to protect him from harm when he suffered a seizure prior to be transferred to the medical department. Plaintiff fails to set forth sufficient factual allegations to demonstrate deliberate indifference on the part of Defendant officer John Doe. Here, Plaintiff merely alleges that he informed the officer that he was about to have a seizure who continued to direct Plaintiff to stand up to be placed in restraints. However, Plaintiff's allegations, without more, are insufficient to demonstrate that the officer acted with deliberate indifferent rather than potential negligence. Accordingly, Plaintiff fails to state a cognizable failure to protect claim.

///
///
///
///

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **October 21, 2019**

UNITED STATES MAGISTRATE JUDGE