UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>              Plaintiff,<br><br>    vs.<br><br>S. GATES, et al.,<br><br>              Defendants. | 1:19-cv-01444-JLT-GSA-PC<br><br>**ORDER GRANTING DEFENDANT ZEPP'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 49.)**<br><br>**ORDER EXTENDING DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>New Dispositive Motions Deadline</u>:  June 28, 2022 |

## I.    BACKGROUND

Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment.  (ECF No. 14.)

On October 14, 2021, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of May 14, 2022, for filing dispositive motions.  (ECF No. 45.)   On May 9, 2022, defendant Zepp filed a motion to modify the Scheduling Order.  (ECF No. 49.)

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).   To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The court finds good cause to extend the dispositive motions deadline in the court's Discovery and Scheduling order.  Therefore, the motion to modify the Discovery and Scheduling Order filed by defendant Zepp, shall be granted.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendant Zepp's motion to modify the court's Discovery and Scheduling Order, filed on May 9, 2022, is GRANTED;

2.    The deadline for filing and serving pretrial dispositive motions is extended from May 14, 2022 to **June 28, 2022** for all parties to this action; and

3.    All other provisions of the court's October 14, 2021 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **May 10, 2022**            **/s/ Gary S. Austin**
                        UNITED STATES MAGISTRATE JUDGE