UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>S. GATES, et al.,<br><br>          Defendants. | 1:19-cv-01444-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 52.)** |

## I.      BACKGROUND

Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp ("Defendant") for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment. (ECF No. 14.)

On May 20, 2022, Plaintiff filed an opposition to Defendant Zepp's motion to modify the Scheduling Order, which the Court construes as a motion for reconsideration of the Court's order issued on May 11, 2022, which granted Defendant Zepp's motion to modify the Scheduling Order to extend the deadline for filing dispositive motions. (ECF No. 52.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the Court's decision to grant defendant Zepp an extension of the deadline in the scheduling order to file dispositive motions. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of

due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff argues that defense counsel has not been diligent in the filing of a dispositive motion. Plaintiff contends he will be prejudiced by an enlargement of time because a lapse in time will cause diminished witness recollection, credibility issues at trial, and a violation of Rule 1 of the Federal Rules of Civil Procedure's requirement of "the just, speedy, and inexpensive determination of every action."

The district court possesses broad discretion to manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Plaintiff does not present the Court with any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the Court's decision and recapitulates that which was already considered by the Court in rendering its decision. Accordingly, Plaintiff fails to show any reason why the Court should reconsider its prior order, and therefore the Court will deny his motion for reconsideration.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 20, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **July 1, 2022**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE