UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>        Plaintiff,<br><br>    vs.<br><br>S. GATES, et al.,<br><br>        Defendants. | **1:19-cv-01444-JLT-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF MEDICAL EXPERT**<br>**(ECF No. 62.)** |

**I.    BACKGROUND**

Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp ("Defendant") for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment. (ECF No. 14.)

On August 15, 2022, Plaintiff filed a motion for the Court to appoint a medical expert in this case. (ECF No. 62.)

## II.   APPOINTMENT OF EXPERT WITNESS

### Legal Standards

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence.  In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702. The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358–59 (7th Cir. 1997).

While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution.  Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013).

### Discussion

Plaintiff requests appointment by the Court of a medical expert to assist him in refuting Defendant's medical expert's opinion regarding two issues.  Plaintiff argues that the medical issues are beyond his expertise.

While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the court the authority to appoint expert

witnesses on behalf of a party.  28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

Plaintiff's claim remaining in this case is against defendant Dr. Andrew Zepp for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment.  The Court considers whether an expert witness would assist the court in understanding the evidence or to determining a fact in issue.  Fed. R. Evid. 702.  Here, Plaintiff's allegations are no more complex than those found in a majority of medical cases pending before this Court.  The court does not require an expert witness to determine whether Defendant failed to provide Plaintiff with sufficient pain medication.  Therefore, Plaintiff's request for the appointment of expert witnesses shall be denied.

**III.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of an expert witness, filed on August 15, 2022, is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 29, 2022**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE