UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>S. GATES, et al.,<br><br>          Defendants. | **1:19-cv-01444-JLT-GSA-PC**<br><br>ORDER STRIKING IMPERMISSIBLE SURREPLY<br>(ECF No. 76.) |

## I.     BACKGROUND

Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp ("Defendant") for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment.  (ECF No. 14.)

On June 27, 2022, Defendant Zepp filed a cross-motion for summary judgment.  (ECF No. 55.)  On September 12, 2022, Plaintiff filed an opposition to the motion.  (ECF No. 69.)  On October 14, 2022, Defendant filed a reply to Plaintiff's opposition.  (ECF No. 75.)

On November 3, 2022, Plaintiff filed a reply to Defendant's reply.  (ECF No. 76.)  The court construes Plaintiff's November 3, 2022 reply as an impermissible surreply.

1

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's reply to Defendant's reply is a surreply because it was filed on November 3, 2022, after Defendant's cross-motion was fully briefed. The cross-motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on October 14, 2022, when Defendant filed a reply to Plaintiff's opposition. (ECF No. 75.) In this case, the court neither requested a surreply nor granted a request on behalf of Plaintiff to file a surreply. Nor has Plaintiff shown good cause for the court to allow him to file a surreply. Therefore, Plaintiff's surreply shall be stricken from the record.[1]

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on November 3, 2022, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   **November 17, 2022**             **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] "A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 3 at 2 ¶II.A.)