UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | **1:19-cv-01444-JLT-GSA-PC** |
| Plaintiff, | |
| | **ORDER RE PLAINTIFF'S  MOTION FO SANCTIONS FILED DECEMBER 15, 2022 (ECF No. 78.)** |
| vs. | |
| S. GATES, et al., | **THIRTY-DAY DEADLINE FOR DEFENDANT TO FILE ADDITIONAL RESPONSE TO THE MOTION FOR SANCTIONS** |
| Defendants. | |

I.      BACKGROUND

        Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp ("Defendant") for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment.  (ECF No. 14.)

        On June 9, 2022, Plaintiff filed a motion for summary judgment.  (ECF No. 53.)  On June 27, 2022, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment.  (ECF No. 55.)  On September 12, 2022, Plaintiff filed a combined Opposition/Reply, which was an opposition to Defendant's cross-motion for summary

judgment and a reply to Defendant's June 27, 2022 opposition to Plaintiff's motion for summary judgment.  (ECF No. 69).   These motions therefore were considered fully briefed and pending. L.R. 230(*l*).

Currently before the court is Plaintiff's motion filed on December 15, 2022 (ECF No. 78), requesting of this court to do such things as :

>     **a**. make findings of 1- perjury, 2- unclean hands, 3- sham declarations, 4- fraud malice and oppression, **5-** bad faith;
>     **b**. make rulings to 1- preclude/strike evidence, 2-apply the doctrine of equitable estoppel, 3- grant immediate judgment, 4- award money damages.

On January 5, 2023, Defendant filed an opposition to the motion, and on January 10, 2023, Plaintiff filed an addendum to the motion.  (ECF Nos. 79, 80.)  On January 17, 2023, Plaintiff filed a reply.  (ECF No. 81.)

## II.   DISCUSSION

Defendant's opposition to Plaintiff's motion for "Sanctions," as it currently stands, inadequately responds to the many assertions and requested relief set forth by Plaintiff in his December 15th motion.  Defendant's opposition is limited to the following 3 arguments: 1- Plaintiff's motion should be stricken as an impermissible surreply; 2- Plaintiff's motion for judgment on the pleadings should be denied because it is untimely; and 3- Plaintiff's motion for sanctions under rule 11 is improper.  The Court in this order will address only item 1, reserving for a later time ruling on items 2 and 3 after Defendant responds to this order.

Although our Court's local Rules allow for a motion, an opposition, and a reply (see L.R. 230(l), Hammler v. Wright, No. 2:15-cv-1645-EFB P) (E.D.Cal., Aug. 3, 2016), 2016 U.S. Dist. LEXIS 102063, at *7, neither the Federal Rules of Civil Procedure nor the Local Rules of our District permit the filing of a surreply as a matter of right, see, Jordan v. Arce, No. 2:15-cv-1645-EFB P (E.D.Cal., Dec. 5, 2022), 2022 U.S. Dist. LEXIS 218694, at *17. However, district courts do have discretion to permit, or preclude, a surreply.  Id. at *18.  Notwithstanding that motions are deemed submitted when the time to reply has expired, L.R. 230(l), and that Courts generally view motions for leave to file a surreply with disfavor, whether to permit or preclude them lies

within the sound discretion of the court. (See, <u>Imber v Lackey</u>, Case No. 1:22-cv-00004-DAD-HBK, (E.D.Cal., Aug. 24, 2022), U.S. Dist. LEXIS 152192, at *2).  It is worth noting that in this Circuit courts are required to afford pro se litigants additional leniency.  (See, Kamali v Stevens 2022 US Dist. Lexis 104977; Lipsey v Reddy, 2019 US Dist Lexis 20261).  Granted that Plaintiff does not have a right to file a surreply, or that he even sought leave to do so, the Court will, for the reason stated above, exercise its discretion and treat Plaintiff's motion as a timely filed **surreply.**  ( <u>Jordan</u>,  2022 U.S. Dist. LEXIS, at *18).

### III.   CONCLUSION AND ORDER

The Court will therefore consider Plaintiff's motion for sanctions as a permissible surreply notwithstanding that Plaintiff neither titled it as such nor sought the court's permission in advance to file it. Defendant shall now be required to file an additional and thorough response to Plaintiff's motion for sanctions, and do so within 30 days.  As there are numerous pieces of evidence listed by Plaintiff in his motion, Defendant is directed to address each one separately and also address separately each of Plaintiff's multiple sanction requests.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Within thirty days from the date of service of this order, Defendant shall file an additional response to Plaintiff's motion for sanctions, responding to Plaintiff's numerous identified pieces of evidence and his multiple sanction requests; and

2.   **No further** briefings or motions, except as ordered herein, will be permitted on the pending motion and cross motion for summary judgment absent prior permission of the court, or upon a request from the court.

IT IS SO ORDERED.

Dated:  __February 17, 2023__              _____/s/ Gary S. Austin____
                                                        UNITED STATES MAGISTRATE JUDGE