UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>            Plaintiff,<br><br>    vs.<br><br>S. GATES, et al.,<br><br>            Defendants. | 1:19-cv-01444-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT REPLY TO DEFENDANT'S ADDITIONAL OPPOSITION BRIEFING**<br><br>**(ECF No. 84.)** |

## I.     BACKGROUND

Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp ("Defendant") for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment.  (ECF No. 14).

On June 9, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 53). On June 27, 2022, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. (ECF No. 55). On September 12, 2022, Plaintiff filed a combined Opposition/Reply, which was an opposition to Defendant's cross-motion for summary judgment and a reply to Defendant's June 27, 2022 opposition to Plaintiff's motion for summary judgment. (ECF No. 69).  On October 14, 2022 Defendant filed a reply to Plaintiff's second set of

Statements of Undisputed facts. (ECF No. 75). These summary judgment motions were therefore considered fully briefed and pending. L.R. 230(*l*).

On December 15, 2022, Plaintiff filed a motion for a finding of perjury against Defendant and for imposition of sanctions ("motion for sanctions"). (ECF No. 78). On January 5, 2023, Defendant filed an opposition to the motion, and on January 10, 2023, Plaintiff filed an addendum to the motion. (ECF Nos. 79, 80). On January 17, 2023, Plaintiff filed a reply to the opposition. (ECF No. 81).

On February 17, 2023, the Court construed the motion for a finding of perjury and sanctions as a timely-filed surreply to Defendant's cross-motion for summary judgment[1] and ordered Defendant to file an additional opposition to the motion for sanctions within thirty days, ordering defendant to respond specifically to Plaintiff's numerous identified pieces of evidence and his multiple sanction requests. (ECF No. 82). The thirty-day deadline has not expired and Defendant has not yet filed the additional opposition.

On March 7, 2023, Plaintiff filed a motion for leave to submit a reply to Defendant's anticipated additional opposition. (ECF No. 84).

## II. DISCUSSION

Plaintiff requests leave to file a reply to Defendant's anticipated additional opposition to Plaintiff's motion for sanctions, as ordered by the court. Defendant has not yet filed his additional opposition, and the Court's February 17, 2023 order advised the parties that "No further briefings or motions, except as ordered herein, will be permitted on the pending motion and cross-motion for summary judgment absent prior permission of the court, or upon a request from the court." (ECF No. 82 at 3.)

Notwithstanding the Court's order for Defendant to file an additional opposition to clarify the issues, Defendant's cross-motion for summary judgment was fully briefed when Defendant

---

[1] On June 27, 2022, Defendant filed a cross-motion for summary judgment. (ECF No. 55.) On September 12, 2022, Plaintiff filed an opposition. (ECF No. 69.) On October 14, 2022, Defendant filed a reply. (ECF No. 75.) At that stage of the proceedings, Defendant's cross-motion was considered fully briefed and pending. L.R. 230(*l*). However, on December 15, 2022, Plaintiff filed a motion for sanctions, ECF No. 78, which the Court now treats as a timely-filed surreply.

filed a reply to Plaintiff's opposition on October 14, 2022.  Thus, Plaintiff is now requesting leave to file another surreply.  See Garcia v. Biter, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016) (denying plaintiff's motion for leave to file a surreply because defendants did not raise new issues or arguments, but rather "cited to the record, their motion . . . various legal authorities and substantively addresse[d] those new issues raised by plaintiff in his opposition.").

Parties do not have the right to file surreplies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*).  The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply).  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1.

Plaintiff's desire to have the final word is not an adequate basis upon which to allow him to file a reply to Defendant's anticipated additional opposition to Plaintiff's motion for a finding of perjury and for sanctions. As Plaintiff has not offered any valid basis upon which the Court should exercise its discretion to permit the filing of another surreply, Plaintiff's motion for leave to file to file a surreply is denied.

**III.  CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to submit a reply to Defendant's anticipated additional opposition, filed on March 7, 2023, is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 15, 2023**                        **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE