UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>    Plaintiff,<br><br>  vs.<br><br>S. GATES, et al.,<br><br>    Defendants. | **1:19-cv-01444-JLT-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED**<br><br>**(ECF No. 83.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on January 14, 2020, against defendant Dr. Andrew Zepp ("Defendant") for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment. (ECF Nos. 37 & 39.)

On February 24, 2023, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 83.) Defendant has not filed an opposition. The motion is now before the Court. Local Rule 230(*l*).

## II.   PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. An injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

## III.   PLAINTIFF'S MOTION

Plaintiff is requesting a court order directed at both Dr. Zepp, who was at the relevant time herein employed at KVSP, and CDCR (ECF No 83, pages 1&16). Specifically, Plaintiff requests the court to order the following: **1**. Raise Plaintiff's lantus to 30 units daily; **2**. decrease Plaintiff's metformin to 2000 mg daily…; **3**. order endocrinology consult on stomach issues…; **4**. Do a fecal culture sample…; **5**. If bad bacteria is the source …order probiotics…; **6**. do endoscope to diagnose ulcers or any abnormalities; **7**. prescribe "boost" shakes…; **8**. Continue

2

monthly consults with the endocrinologist…; and, **9**. Allow dish wash gloves to prevent sores. (ECF No.83, pgs16&17).  Of note, Plaintiff is now housed at Corcoran State Prison (ECF No. 42), and no longer at KVSP. Additionally, CDCR is not a party to this action.

## IV.     DISCUSSION

When injunctive relief is sought it must be related to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction").  In this case the requested injunctive relief would not remedy any of the claims upon which this case proceeds.  Plaintiff's lawsuit proceeds only on his claim against Dr. Andrew Zepp for refusing to provide Plaintiff with sufficient pain medication as he awaited surgery, in violation of the Eighth Amendment (ECF Nos. 37 & 39). However here, Plaintiff requests a court order directing Dr Zepp and CDCR to provide him with the above list of specific medical orders/treatments for his various ailments.   Because these requests, even if ordered, would not act to remedy the claim in this case, the court lacks jurisdiction to issue the order sought by Plaintiff.

In addition, while prohibitory injunctions prevent a party from acting, and thus maintain the status quo, in contrast here Plaintiff is requesting a mandatory injunction directing a party to do an affirmative act.  The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction, and District Courts must deny requests for mandatory injunctions unless the law and facts clearly favor the moving party.  Brooks v. Covello, No. 2:20-cv-1573-WBS-DMC-P (E.D. Cal. 2021) 2021 U.S. Dist. LEXIS 136254, at *6.)  Here, the law as set forth above does not favor Plaintiff.  Further, a motion for preliminary injunction relief under Federal Rule of Civil Procedure 65 is an extraordinary remedy that is generally reserved for *emergency situations* in which a party may suffer immediate irreparable harm.  Sims v. Sayre, No. C 08-01691-SBA (pr) (N.D. Cal. 2010), 2010 U.S. Dist. LEXIS 110046 at *14).  Plaintiff's motion details a chain of medical events beginning as far back as April 26, 2018 (ECF No. 83 at 4), which runs contrary to the notion that his situation is of emergency concern.  Thus, not only is Plaintiff's request not germane or related to the only claim in this action, it further appears that

it is not of an emergency concern. Importantly, the core of Plaintiff's request for affirmative injunctive relief essentially comes down to a difference of opinion between he and his doctor(s) as to what his medical treatment should be, which difference has been held not enough to make out a violation of the Eighth amendment. Shaw v Thomas, Case No. 17-cv-00462-YGR (PR) (N.D. Cal. 2019), 2019 U.S. Dist. LEXIS 4989, *63.)

## V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on February 24, 2023, be DENIED for the above stated reasons.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, any party to this case may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2023**                              **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE