UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br>Plaintiff,<br>v.<br>S. GATES, et al.,<br>Defendants. | No. 1:19-cv-01444 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE<br><br>(ECF No. 99) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. An order recommending that Plaintiff's Motion for Summary Judgment be denied and that Defendants' Motion for Summary Judgment be granted is pending. ECF No. 95 (pending findings and recommendations).

Before this Court is Plaintiff's Motion to Disqualify Magistrate Judge. ECF No. 99. For the reasons stated below, the motion will be denied.

I MOTION TO DISQUALIFY

Plaintiff brings the Motion to Disqualify pursuant to 28 U.S.C. §§ 144 and 455. ECF No. 99 at 1. In support of it, he states that the undersigned has demonstrated family bias and prejudice against him as well as "overwhelming favoritism towards the opposing party[] represented by the Attorney General's Office." Id. (brackets added). Specifically, Plaintiff asserts that in a prior case that he had before the undersigned, Solvey v. Tilton, 1:07-cv-00182 LJO GSA[1] ("Tilton"), the undersigned was offended by Plaintiff's heritage and made derogatory comments about his ancestor, "Pres./Chief Justice Uncle Taft." ECF No. 99 at 2, ¶ 6. Plaintiff further asserts that he then stated to the undersigned that his "older great great great uncle was Pres. Grover Cleveland a Democrat, if that ma[de] [the Court] feel better." Id. at 2-3, ¶ 6 (brackets added).

Plaintiff contends that after he made those comments, the undersigned then called him a liar and told him that his entire lawsuit was "based on confusion and lies." ECF No. 99 at 3, ¶ 7. Plaintiff further contends that the undersigned told him that he "would never prevail against the State." Id. Plaintiff states that as a result of this interaction with the undersigned in the Tilton matter, he abandoned his civil rights lawsuit due to "legal coercion and loss of confidence in the legal justice system." Id.

Plaintiff continues, making what appear to be last-minute arguments for the instant matter Plaintiff has before the Court.[2] See ECF No. 99 at 3-4, ¶¶ 9-14. He ends the motion by alleging that the undersigned's purported bias is "getting in the way of a fair and equitable jurist to adjudicate [his] serious claims of civil rights violations." Id. at 4, ¶ 15. For these reasons, Plaintiff states, he is requesting reassignment of the undersigned "for all proceedings moving forward on this issue/case and any other lawsuits that may be filed in this District." Id. at 4, ¶ 16. He believes that he "cannot get a fair proceeding" from the undersigned. Id. at 4, ¶ 22.

[1] Although Plaintiff references the case number as "1:07-CV-00182-LBO-GSA," the actual case number is: 1:07-cv-00182 LJO GSA.

[2] Because those arguments do not relate in a substantive way to the instant Motion to Disqualify, the Court does not consider them herein.

Plaintiff asks the Court to "comb through the record of the Summary Judgment to determine if in fact there is deep-seated favoritism or antagonism that makes the fair judgement [sic] impossible, then move on the extrajudicial matter of the statements concerning Plaintiff's family and ancestors." ECF No. 99 at 7. He also asks for a recusal or disqualification of the undersigned going forward, or, in the alternative, assignment to a different magistrate judge. Id.

II. APPLICABLE LAW

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." Brew v. Fehderau, No. 1:17-cv-00681-AWI-EPG-PC, 2017 U.S. Dist. LEXIS 168135, at *2-3 (E.D. Cal. Oct. 11, 2017) (quoting 28 U.S.C. § 455(a), (b)(1)). A motion under Section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Id. (citing Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting Bernard, 31F. 3d at 843 (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Id. (quoting United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980)).

On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Id. (quoting United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008)). Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. (quoting 28 U.S.C. § 455(a)). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. (quoting Section 455(b)).

A party moving for recusal pursuant to Section 455(b) must likewise demonstrate "actual bias or prejudice based upon an extrajudicial source." Ndoromo v. Barr, 486 F. Supp. 3d 388, 394 (D.D.C. 2020) (quoting Middlebrooks v. St. Coletta of Greater Wash., Inc., 710 F. Supp. 2d at 79 (citations omitted).

"Although the substantive test for bias or prejudice is identical in Sections 144 and 455, the procedural requirements of the two sections are different." Drevaleva v. United States VA, 2021 U.S. Dist. LEXIS 89927, at *3 (quoting Sibla, 624 F.2d at 867). "Section 455 sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge," with "no provision for referral of the question of recusal to another judge." Id. (quoting Sibla, 624 F.2d at 868 (citing Davis v. Bd. of Sch. Comm'rs, 517 F.2d 1044, 1051 (5th Cir. 1975); Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). "A motion under § 455 requires a judge to determine "whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." Id. at 3-4 (quoting Sibla, 624 F.2d at 868 (citing United States v. Schreiber, 599 F.2d 534, 536 (3d Cir. 1979)). As well, a charge of bias or prejudice under Section 455(b)(1), or that a judge's impartiality might reasonably be questioned under Section 455(a), must be sufficiently grounded in fact to generate doubt in the mind of a fully informed, objective observer; mere speculation or innuendo is not enough. (See, Melendres v Arpaio, 2015 US Dist.179130; In Re United States, 666 F.2d 690).

A Recusal motions under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit. (See, Sibla, 624 F.2d at 868; Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979); United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978); United States v. Bennett, 539 F.2d 45, 51 (10th Cir. 1976). As well, Recusal motions under Section 455 must also be brought in a timely manner. Preston v US, 923 F.2d 731 (9th Cir 1991); Melendres, supra (applying same timeliness standard of sec 144 to sec 455). This requirement avoids both wasted judicial time and resources and a heightened risk that litigants will use recusal for strategic purposes. Therefore, a party must seek to disqualify a judge in a *timely fashion* after the party becomes aware of the basis of disqualification. (Preston, supra). The Ninth Circuit has

cautioned that a party that unduly delays the filing of a recusal motion is *presumed* to be filing it for manipulative purposes. (Melendres, supra, citing E&J Gallo, 967 F.2d 1280).

In regard to Section 144, if the judge determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under Section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits. (See, Sibla, 624 F.2d at 868). Recusal motions brought pursuant to Section 144 are subject to the same timeliness requirement and extrajudicial source rule as Section 455 motions. (See, US v. Studley, 783 F.2d 934 (9th Cir. 1986)). Moreover, notwithstanding the differences, both Section 455 and Section 144 require that the bias or impartiality must stem from an ***extrajudicial*** source, a source other than conduct or rulings made during the course of a proceeding. (See. Sibla, 624 F.2d at 868; also Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (finding an affidavit "legally insufficient" where it was based on "conduct during the judicial proceeding")). "To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (See, United States v. Wilkerson, 208 F.3d 794, 799 (9th Cir. 2000); see also Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).

To repeat, under either statute, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Amesquita v. Hickman, No. 1:05-cv-00055-LJO-MJS (HC), 2018 U.S. Dist. LEXIS 22778, at *5 (E.D. Cal. Feb. 9, 2018) (citing Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing Liteky, 510 U.S. at 554-56)). The disqualifying bias must generally stem from something other than information and beliefs the judge acquired while acting in his/her judicial capacity. (Melendres citing US v. McTiernan, 695 F.3d 882 (9th Cir. 2012)).

III. DISCUSSION

A. Plaintiff's Motion under both Section 144 & 455 Is Untimely

Plaintiff's motion must be denied on this basis. First, from a procedural perspective under Section 144, the motion is untimely. Plaintiff states that the alleged incident which he believes

warrants the disqualification of the undersigned occurred in 2010. ECF No. 99 at 2, ¶ 6. The current case was filed in October 2019. See ECF No. 1 at 9 (signature date of complaint). The undersigned was assigned to this case on March 19, 2020, ECF No. 19, and the current motion to recuse was filed on the Court's docketed on October 23, 2023. ECF No. 99.

Section 144 clearly requires that any party alleging that a presiding judge has a personal bias or prejudice file an affidavit supported by facts and the reasons for the belief "not less than ten days before the beginning of the term at which the proceeding is to be heard." 28 U.S.C. § 144. In the instant case, Plaintiff knew by at least March 31, 2020, demonstrated by the fact that when he filed a motion on the docket requesting "an enlargement of time", ECF No 20, that the matter had been referred to the undersigned, which assignment, as stated above, occurred on March 19, 2020, ECF No. 19. Specifically, in the caption of his motion he lists the case # as "1:19-cv-01444-GSA". GSA is the undersigned's initials. Yet knowing this, Plaintiff failed to raise the alleged 2010 Tilton incident at that time in this matter and move to have the undersigned recused. Instead, he raises the personal bias, prejudice and/or impartiality claims in his motion to recuse more than 3 years later. Importantly, Plaintiff provides no good cause for his failure to timely raise his concerns. See 28 U.S.C. § 144 (allowing good cause to excuse untimely filing of affidavit of personal bias, prejudice).

A recusal motion under both Sections 144 and 455, as stated above, must be made in a timely fashion. Melendres, supra, citing Preston, supra; United States v. Mikhel, 889 F.3d 1003, 1026 (9th Cir. 2018); E & J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992). The failure to file a motion for disqualification more than one and a half years after a party became aware of the grounds for disqualification has been found to be untimely. See, e.g., United States v. Rogers, 119 F.3d 1377, 1382 (9th Cir. 1997); Wells Fargo Bank, N.A. v. Clark, No. 18-35887, 2019 WL 4034732, at *1 (9th Cir. Aug. 27, 2019). Under Section 144, a Recusal motion is strictly construed as to timeliness. (see, Melendres, supra citing United States v. Sykes, 7 F.3d 1331 (7th Cir 1993)).

Finally, the fact that Plaintiff filed the instant motion on the eve of this matter being disposed of in Defendants' favor is also appropriate for the Court to consider. "Where

unexplained delay in filing a recusal motion suggests that the recusal statute is being misused for strategic purposes, the motion will be denied as untimely." Mikhel, 889 F.3d at 1026-27 (citations omitted) (internal quotation marks omitted). For these reasons, the motion is untimely on its face under sec 144, and under sec 455 for not being made in a timely fashion, thus it must be denied under both statutory provisions.

B. Plaintiff's Motion Fails to Provide Supporting Facts

Next, even if the motion had been timely filed, which it was not, the facts Plaintiff alleges fail to support a finding of bias, prejudice, or lack of impartiality of the undersigned as the law requires. Plaintiff alleges that in the 2010 Tilton case, the undersigned "was offended by [his] heritage," namely, Plaintiff's claimed relationship to William Howard Taft, and that the undersigned allegedly made some derogatory comments about Plaintiff's ancestor Pres./Chief Justice Uncle Taft, which were "maybe politically motivated." Plaintiff further asserts that the undersigned was "disparaging my ancestry and heritage." See ECF No. 99 at 2-3, ¶ 6 (brackets added), yet Plaintiff fails to provide the exact words he alleges were used by the undersigned which he claims were derogatory, disparaging, and maybe politically motivated. Overall, these allegations of bias are at best speculative, conclusory, wholly unsupported factually, and simply untrue. In support of this, one need look no further than the Court's docket entries in the Tilton case. From a search of the Tilton case docket entries, the claimed conversation Plaintiff asserts lacks any evidentiary support as the docket unquestionably demonstrates that no live court proceeding(s) took place in the matter. On the contrary, from an examination of the docket the Tilton case was conducted solely and entirely on filed documents. Plaintiff states in his declaration that he came to the Fresno federal courthouse to conduct business in the Tilton matter and that he "was discussing the fact concerning [his] relative William Howard Taft with some lawyers and court audience" when the alleged derogatory comments were made, and that after they were made the undersigned "walked back to his chambers." This clearly implies that the Court was in session when the alleged event occurred, but Plaintiff provides no specifics regarding: 1- the date of this alleged event, nor even the month in which it allegedly occurred; 2- the courtroom or floor of the courthouse where the alleged encounter took place; 3- the exact

reason for his appearance in court (or at the courthouse) that day; 4- whether his matter was on calendar that day; and 5- if his matter was not on calendar that day, then for what purpose was he in the undersigned's courtroom. Finally, Plaintiff does not state what the undersigned supposedly said, nor the words used, which Plaintiff interprets as derogatory and disparaging, other than his assertion that the undersigned called him a "liar" and said that his whole lawsuit was based "on confusion and lies."

Importantly, in considering whether recusal is appropriate under Section 455, the judge is free to make *credibility* determinations, assign to the evidence what he/she believes to be its proper weight, and to contradict the evidence with facts drawn from his/her own personal knowledge. (See, Melendres, supra, citing US v Balistrieri, 779 F.2d 1191). Baseless personal attacks on a judge, and quotes attributed to a judge which are in fact false or materially inaccurate or misleading will not suffice to trigger the Court's disqualification (see, Melendres, supra, citing Clemens v United States Dist. Court, 428 F.3d 1175 (9th Cir. 2005) ( quoting Nichols v Alley, 71 F3d 347 (10th Cir.1995)). Even if the statements alleging that the undersigned called Plaintiff a "liar" and accused his case of being based on "confusion and lies" were true, which the undersigned denies having said, these remarks would have been judicial remarks made during the course of an in court proceeding and reflective of the Court's description and observation of the proceedings to that point.

As the Supreme Court has explained:

> [O]pinions formed by the judge on the basis of facts of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Liteky v United States, 510 U.S. 540, 555 (1994) (brackets added); see also Drevaleva v United States Dep't of Veterans Affairs, No. 18-cv-03748 JCS, 2021 WL 2327056, at *2 (N.D. Cal. May 11, 2021) (quoting Litkey).

In relation to Section 144, because Plaintiff did not strictly comply with the 10 day prior filing period as required by Section 144, and there being no legal basis for Plaintiff's failure to do so, the Court therefore will not accept the truth of the allegations in Plaintiff's affidavit, nor refer the motion to another judge for determination of its merits pursuant to Section 144. (See, Sibla, 624 F.2d at 868).

It is also evident from the timing of this recusal motion: **1**-which was signed by Plaintiff on Oct. 9, 2023 and docketed on Oct. 23, 2023, ECF No. 99; **2**- occurring long after this matter was referred to the undersigned in March of 2020, ECF No. 19, and after Plaintiff had knowledge of said assignment, ECF No. 20; **3**- was long after the conclusion of the Tilton matter in March 2011; **4**- was **after** the undersigned issued the Finding and Recommendation on September 11, 2023 that summary judgment be granted in favor of Defendant and against Plaintiff, ECF No. 95; **that Plaintiff's motion carries a presumption that it was filed for suspect reasons** (see, Melendres, supra; E&J Gallo Winery v Gallo Cattle Co, 967 F.2d 1280 (9th Cir, 1992)—and this besides being **untimely** and almost entirely **bereft** of specific facts of bias stemming from an **extrajudicial source**. ( See, generally United States v. Gilboy, 162 F. Supp. 384, 393-94 (M.D. Pa. 1958); 1958 U.S. Dist. Lexis 4109; Franks v Nimmo, 796 F.2d 1230, 1234-35 (10th Cir. 1986) (citations omitted); United States v. Sibla, 624 F.2d 864, 868-69 (9th Cir. 1980);.

Furthermore, Plaintiff's claim in the instant motion that "[he] abandoned his [2010 Tilton] civil rights lawsuit . . . based on legal coercion and loss of confidence in the legal justice system" after the undersigned allegedly "called [him] a liar" and told him that he "would never prevail against the State" (ECF No. 99 at 3, ¶ 7) (brackets added) is clearly contradicted by the record. In the Tilton case, Plaintiff did not abandon the matter. It was dismissed when Defendants' motion for summary judgment was granted. See Tilton, ECF Nos. 116, 129, 130 (findings and recommendations; order and judgment, respectively). Such unsupported claims and statements made by Plaintiff in the instant motion which blatantly contradict the record, severely chip away at Plaintiff's overall credibility and further support a denial of the Motion to Disqualify.

Finally, and of equal importance, Plaintiff fails to point to specific statements made, or events, that have occurred from an extrajudicial source in the instant case which would suggest

any bias, prejudice, or lack of impartiality. See generally ECF No. 99; see also 28 U.S.C. 455(b)(1)-(5) (establishing disqualification concerns be related to proceeding at hand). Nothing in Plaintiff's motion reasonably calls into question the Court's impartiality in this case, nor is there anything in it that establishes personal bias or prejudice of any kind towards Plaintiff during the proceedings in the instant case. See generally 28 U.S.C. § 455(a)-(b)(1); see also 28 U.S.C. § 144.

Plaintiff does refer to the facts of his current case; he generally argues that he has presented sufficient evidence to defeat Defendants' motion for summary judgment, and states that the Court's different findings "can only be attributed to bias and prejudice against [him] and [his] family for political gain." See ECF No. 99 at 3-4, ¶¶ 9-15 (brackets added). Here again, these claims of bias and prejudice are based on pure conjecture and are wholly unsupported factually. As a result, relief cannot be granted based on them.

In conclusion, the Court has considered whether the instant motion identifies any ground upon which disqualification would be warranted, as well as whether there is any other ground for disqualification, and it finds that no such grounds exist. The Court has no deep-seated favoritism or antagonism that would make fair judgment impossible, nor is the Court aware of any circumstances that would cause its impartiality to reasonably be questioned. For these reasons, and for the reasons and law set forth above, Plaintiff's Motion to Disqualify will be denied and the matter will not be referred to another judge.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify (ECF No. 99) is DENIED as untimely and unsupported.

IT IS SO ORDERED.

Dated: **November 3, 2023**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE