UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>            Plaintiff,<br><br>    v.<br><br>S. GATES, et al.,<br><br>            Defendants. | No.  1:19-cv-01444 JLT GSA (PC)<br><br>AMENDED[1] ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(ECF No. 95) |

Plaintiff filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued findings and recommendations, which the Court served on plaintiff and which notified him that any objections to the findings and recommendations were to be filed by October 4, 2023.  (ECF No. 95).  In the Court's original order (Doc. 103), the Court

---

[1] In the original order, the Court erroneously indicated that plaintiff had not filed objections to the findings and recommendations. However, not only had he filed objections (Doc. 98), but the Court spend a good deal of time reviewing them, having initially been perplexed by how the first two pages of the document bore on the issues. After reviewing the entirety of the documents, however, the Court found that the objections restated much of what he presented in opposition to the motion and, some of his assertions contradicted the evidence he presented earlier. For example, his objection indicate he had no medication from February 3, 2019 through February 22, 2019 (Doc. 98 at 5), the evidence he presented in opposition to his motion indicated that between February 5, 2019 and the surgery, he was taking eight to ten over-the-counter pain pills per day. (Doc. 69 at 39)

1

erroneously indicated that plaintiff had not filed objections to the findings and recommendations. However, not only had he filed objections (Doc. 98), but the Court spend a good deal of time reviewing them, having initially been perplexed by how the first two pages of the document bore on the issues. After reviewing the entirety of the documents, the Court found that the objections restated much of what the plaintiff presented in opposition to the motion and, some of his assertions made in his objections contradicted the evidence he presented earlier. For example, his objections indicate he had been given no medication from February 3, 2019 through February 22, 2019 (Doc. 98 at 5). However, the evidence he presented in opposition to his motion was consistent with the magistrate judge's determination that that between February 5, 2019 and the date of the surgery on March 25, 2019, he was prescribed Tylenol by Dr. Ulit and was taking eight-to-ten, pills per day. (Doc. 69 at 39) Moreover, the evidence showed that on March 4, 2019, Dr. Sao also prescribed 400 mg Ibuprofen three times per day.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued September 11, 2023 (ECF No. 95), are ADOPTED IN FULL;

2. Plaintiff's surreply / motion for a finding of perjury and sanctions, docketed December 15, 2022 (ECF No. 78), is DENIED;

3. Plaintiff's motion for summary judgment, docketed June 9, 2022 (ECF No. 53), is DENIED;

4. Defendant's cross-motion for summary judgment, filed June 27, 2022 (ECF No. 55), is GRANTED, and

5. The case remains CLOSED.

IT IS SO ORDERED.

Dated:   **December 28, 2023**

UNITED STATES DISTRICT JUDGE